# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES B. FORMAN and LISA L. FORMAN,

    Plaintiffs,

    -vs-                                                                                   No. CIV 02-0889 LH/RLP

SIKORSKY AIRCRAFT CORPORATION, a
foreign corporation, and SIKORSKY SUPPORT
SERVICES, INC., a foreign corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Plaintiffs' Objections Under L.R. 26.6 and FED. R. CIV. P. 72(b) (Docket No. 44), filed February 20, 2004. The Court, having considered Plaintiffs' Objections, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds Plaintiffs' Objections is not well taken and it will be overruled.

    Plaintiffs object to the Order (Docket No. 42) Magistrate Judge Puglisi entered on February 4, 2004, granting the Motion for Entry of a Protective Order which Defendant Sikorsky Aircraft Corporation ["SAC"] filed on December 19, 2003. SAC apparently filed its Motion in response to Plaintiffs' Motion to Compel (Docket No. 28), filed November 28, 2003. On January 26, 2004, Judge Puglisi denied Plaintiffs' Motion to Compel as untimely under D.N.M.LR-Civ 26.6, finding that Defendants had responded on June 16, 2003, to Plaintiffs' First Request for Documents by

producing some documents and withholding others on grounds of confidentiality and requesting a protective order prior to further disclosure. Almost five months passed, however, before Plaintiffs brought this discovery dispute to the Court's attention, a time period far outside the twenty calendar days provided by Local Rule 26.6 within which to bring a FED. R. CIV. P. 37 motion to compel. In his Order Denying Plaintiffs' Motion to Compel, Judge Puglisi also stated that Plaintiffs would be required to endorse the Defendants' proffered confidentiality order.

On February 4, 2004, Judge Puglisi granted SAC's Motion for Entry of a Protective Order. In their Objections to this Order, Plaintiffs contend that Judge Puglisi ordered them to agree to the Protective Order as a sanction for their untimely filing of the Motion to Compel, without undertaking any substantive analysis of Defendants' objections to the Motion to Compel. Plaintiffs also argue that the trade secrets SAC seeks to protect through the order are no longer of commercial value and that Defendants' objections were made for the purpose of increasing Plaintiffs' costs and impeding Plaintiffs' discovery. Plaintiffs further complain that Judge Puglisi entered his Order denying their Motion to Compel before briefing on SAC's Motion for Entry of a Protective Order was complete, indicating that he made his decision on the Protective Order prematurely and failed to consider the substantive merits of that Order, thereby abusing his discretion. Finally, Plaintiffs request relief from the time limits under D.N.M.LR-Civ 26.6 and FED. R. CIV. P. 72(b).

Initially, the Court must determine whether Plaintiffs timely appealed Judge Puglisi's Order. Pursuant to FED. R. CIV. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Thus,

2

failure of Plaintiffs to make a timely objection would constitute waiver of review of Judge Puglisi's Order. *See Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995). Under FED. R. CIV. P. 6, however, this ten-day period is extended. First, when the period of time allowed by the Rules is less than eleven days, as is that prescribed in Rule 72(a), "intermediate Saturdays, Sundays, and legal holidays shall be excluded." FED. R. CIV. P. 6(a). Additionally, when service is by mail, as permitted by Rule 5(b)(2)(B) and was the case with the Order here, "3 days shall be added to the prescribed period." FED. R. CIV. P. 6(e).

Applying these rules, Plaintiffs had until February 23rd to file their Objections to the February 4th Order. Thus, to the extent Plaintiffs' appeal addresses that Order, it is timely. As the Court finds below that Plaintiffs' Objections are nonetheless not well taken, whether addressing the later or both of Judge Puglisi's Orders, it finds it unnecessary to determine whether this matter is in fact an appeal of the Order Denying Plaintiffs' Motion to Compel, as is argued by SAC, which by any reckoning would be untimely.

A magistrate judge's order disposing of nondispositive matters may be modified or set aside only if the district judge to whom the case is assigned finds the order to be clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). The Seventh Circuit, in discussing this standard, has stated that "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc, v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (1988).

This Court does not find Judge Puglisi's Orders to be clearly erroneous, much less contrary

to law.  Firstly, in granting the Motion for Entry of a Protective Order Judge Puglisi stated explicitly that he considered the arguments of counsel and found the Motion to be meritorious.  Judge Puglisi likewise stated in his Order Denying Plaintiffs' Motion to Compel that he read the Motion and the memoranda in support of and in opposition to the motion, and found it not well taken.  Thus, there is no basis for inferring that the substantive merits of the issues were not considered, and to so find would be mere speculation.  Furthermore, that Judge Puglisi found Plaintiffs' Motion to Compel barred as untimely, in that Plaintiffs filed it almost five months after SAC requested a protective order prior to disclosing certain documents, was in no way an abuse of discretion, or clearly erroneous or contrary to law.  *See* D.N.M.LR-Civ. 26.6 (failure to file motion to compel within twenty calendar days of service of objection to request for production constitutes acceptance of the objection).

Finally, the Court notes that the production Plaintiffs seek can take place, albeit under the umbrella of the Protective Order.  Indeed, Plaintiffs themselves proffer their own form of such an order in their reply brief, perhaps in recognition of SAC's supplemental argument that disclosure of certain materials also impacts the interests of the United States Navy, which has placed additional restraints on SAC regarding disclosure of certain manuals, but does not object to their production under the Protective Order approved by Judge Puglisi.

**IT IS HEREBY ORDERED** that Plaintiffs' Objections Under L.R. 26.6 and Fed. R. Civ. P. 72(b) (Docket No. 44), filed February 20, 2004, is **OVERRULED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**