IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES B. FORMAN and
LISA L. FORMAN,

    Plaintiffs,

v.                                          Civ. No. 02-889 LH/RLP

UNITED TECHNOLOGIES CORPORATION,
SIKORSKY AIRCRAFT DIVISION, a foreign
corporation, and SIKORSKY SUPPORT
SERVICES, INC., a foreign corporation,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiffs' Motion for Determination of Sufficiency, filed pursuant to Fed.R.Civ.P. 36(a). Plaintiffs served Defendant Sikorsky Aircraft Corporation ("Sikorsky") with Requests for Admissions. Every definition and every request were objected to. Plaintiffs did not request sanctions.

As stated by Sikorsky in its Motion for Leave to File Sur-Reply: "This lawsuit arises from the April 5, 2000 crash landing of a United States Air Force TH-53A trainer helicopter during a routine practice autorotation at Kirtland Air Force Base." *Id*. at ¶ 1. Plaintiffs' Requests for Admissions began with definitions of the "subject aircraft," "you," "mishap," and "tail skid assembly." Each was objected to on the ground that the definition was vague, ambiguous, and unclear.

For example, despite the admirable economy of words utilized by Sikorsky in its Motion--that the lawsuit arose from the crash landing of a TH053A helicopter--Sikorsky is unable to ascertain which aircraft was involved, who "you" is, what the mishap was, and what a tail skid assembly is. In each Request, the objections are repeated again as to the

definitions.  And then the question itself is objected to.  And then the Request is admitted or denied, with the aforementioned qualifications, or greater explanation is given in the admission or denial.  For example:

> **Request Number 1:**  Admit that the Subject Aircraft[1] was designed by You.
>
> **Response**:  Objection.  Due to the definition of the term "Subject Aircraft," the request is vague and ambiguous.  Subject to and without waiver of these objections:  To the extent that this request refers to the design of the CH53A aircraft with BUNO 153277, the aircraft from which the incident TH53A aircraft was converted by entities other than Sikorsky, Sikorsky admits that it, along with the United States Government, designed, and the United States Government approved the design of, that CH53A aircraft and its component parts.  Sikorsky specifically denies that it designed any TH53A helicopter.

Exhibit 1 to Motion at 4.

Another example is Sikorsky's response to Request Number 7, which stated: "Admit that the tail skid assembly mounted on the Subject Aircraft at the time of the mishap failed or broke during the mishap."  *Id.* at 6.  The objection decried, among other things, the use of the "vague and ambiguous" and "undefined terms 'failed' and 'broke.'"  *Id.* at 7.

The court cannot find any Response that does not restate the question or contain elaborate explanation, qualification, and obfuscation.  They contain detail not asked for and unnecessary quibbling over common words and terms.  The end result is that it is unclear just what is being admitted or denied.  The Responses are insufficient.

---

[1]  "Subject Aircraft" was defined as "the United States Air Force helicopter aircraft on which Plaintiff, Captain Bruce Forman, sustained injury . . . on April 5, 2000."  Exhibit 1 to Motion at 3.

It is at a plaintiff's peril to ill-devise their requests for admissions. If, for example, there is a genuine issue in this case as to whether the "subject aircraft" was as designed or manufactured by Sikorsky, or whether it was improperly modified at some later date, then Sikorsky may admit or deny the requests as stated and defined with impunity because the question does not ask about the proper "subject aircraft." It is impossible for the court to tell whether such an issue exists in this case. The point is, when the "subject aircraft" is defined as the one that crashed then Sikorsky either did or did not design or manufacture that aircraft, subsequent modifications notwithstanding.

Finally, in its Response to Plaintiff's Motion [Doc. 65], Sikorsky professes ignorance as to the grounds for the Motion and deemed itself unable to respond. When Plaintiffs served their Reply, Sikorsky was indignant with the specificity provided and immediately sought leave for the aforementioned sur-reply. This Motion is denied. The grounds should have been obvious to Sikorsky by looking at its own responses and objections.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Determination of Sufficiency [Doc.59] is **granted** and Sikorsky shall have ten (10) days to serve sufficient responses to the Requests for Admissions; and

IT IS FURTHER ORDERED that Sikorsky's Motion for Leave to file Sur-Reply [Doc. 72] is **denied**.

IT IS SO ORDERED.

Richard L. Puglisi, United States Magistrate Judge