IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES B. FORMAN and
LISA L. FORMAN,

    Plaintiffs,

v.                                          Civ. No. 02-889 LH/RLP

SIKORSKY AIRCRAFT CORPORATION,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the court on Plaintiffs' Motion for Sanctions [Doc. 79]. Plaintiff served Defendant Sikorsky Aircraft Corporation with requests for admissions and upon receiving those responses, filed a motion to determine the sufficiency of those responses. [Doc. 59]. The court deemed the responses insufficient and ordered Sikorsky to respond to the requests [Doc. 74]. Sikorsky submitted new responses which Plaintiffs find insufficient and now seek sanctions.

       As stated in the court's first order, the responses were so qualified that it was impossible to tell what was being admitted or denied. Plaintiffs contend that the new responses are similarly flawed. The court disagrees.

       A party may qualify its answer if the request states a fact unfairly so that an admission or a denial would convey the wrong information. *Diederich v. Department of the Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). The qualification must be made in good faith. Fed.R.Civ.P. 36. "[W]here a request contains interdependent, compound issues, a party may deny the entire statement if it is premised upon a fact which is denied." *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 678 (D. Kan. 1999).

Responses which are evasive and "fail to meet the substance of the requested admissions" are improper. *United States of America v. Virkutis*, 1987 WL 7806, * 4 (N.D. Ill. 1987) (unpublished opinion). "A party is entitled to a direct response to a matter as propounded by the opposing party, whether the response is an admission, a denial, or a qualification of the statement." *Id.* at * 5. In short, the responses must be "clear, specific and direct so as to meet the compliance requirement of Rule 36(a) of the Federal Rules of Civil Procedure. *Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 95 (W.D. Mo. 1973). The court finds that Sikorsky's Responses meet the foregoing standards.

There is an issue in this case about the "subject aircraft" as defined by Plaintiffs. Sikorsky admits it designed a CH53A aircraft but denies it designed a TH53A aircraft, which apparently is the model that crashed. Sikorsky objected to the definition of "subject aircraft" as noted and clearly admitted or denied all Requests for Admissions with appropriate qualifying language.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Sanctions [Doc. 79] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge

For the Plaintiffs:   James K. Gilman, Esq.
                      Barry E. Newman, Esq.

For the Defendant:    Stephen R. Wedemeyer, Esq.
                      Charles A. Pharris, Esq.